IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| STAN SCHROEDER, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> ACTING COMMISSIONER OF ) <br> SOCIAL SECURITY, ) <br> Defendant. ) | No. 14 cv 2012 EJM <br><br> ORDER |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability income and supplemental security income benefits. Briefing concluded September 29, 2014. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed in part; reversed and remanded in part for further proceedings.

Plaintiff asserts the Administrative Law Judge (ALJ) failed to give proper weight to the opinion of plaintiff's non-physician therapist. Plaintiff next asserts error in the identification and application of the Medical-Vocational Guidelines ("Grids".) Plaintiff asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence

in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992.)

This matter has been before this court previously. In Schroeder v. Astrue, 6:11-cv-2060 EJM (N.D. Iowa 2012), the court found that the ALJ improperly gave no weight to the opinion of plaintiff's therapist, Ms. Polly Binger, and reversed and remanded to the Commissioner. Polly Binger, MA, LISW, is a licensed social worker and therapist. (See AR 535) Ms. Binger is not an "acceptable medical source" under the relevant federal regulations, 20 C.F.R.§404.1502. She is an "other medical source," deserving weight as the ALJ believes reflects the source's judgment about the same issues addressed in medical opinions from acceptable medical sources. Sloan v. Astrue, 499 F.3d 883, 888 (8th Cir. 2007.)

After remand, a different ALJ re-heard the case. That ALJ found that Schroeder had one or more severe impairments, including cholecystitus, status-post cholecystectomy, pancreatitus, degenerative disc disease, and coronary artery disease, but further found that these impairments did not meet or equal the List of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. The ALJ determined Schroeder's residual functional capacity to be able to perform light work as defined by the regulations, with certain limitations. On balance, the ALJ found Schroeder to not be disabled.

Plaintiff's main complaint is that the ALJ again did not give sufficient weight to Ms. Binger's assessments. The second ALJ stated that she "considered the opinion" of Ms. Binger," and that "weight has been given to the opinion in order to fully evaluate the claimant and to a treating history [sic]." (Tr. 742) Nonetheless, the second ALJ found, as the first ALJ had, that Schroeder was not disabled. The ALJ based her decision to give little weight to Ms. Binger's assessment on the following facts: (1) Ms. Binger herself noted that plaintiff had exaggerated his condition, though her assessment did not take that into account (2) Ms. Binger noted frequently that plaintiff was stable and experienced no thoughts of self-harm, (3) Ms. Binger's treatment notes indicated a level of self care inconsistent with disability, (Tr. 742), and (4) Ms. Binger's limitations assessment was inconsistent with both her own treatment notes, particularly as to whether he was a danger to himself or others, and also inconsistent with treatment notes from Dr. M. A. Chowdhry, M.D., who is an acceptable medical source and a treating physician. Dr. Chowdhry found that Schroeder was "functioning well on his current medication", (Tr. 665), and that Schroeder's memory for past and recent events was fairly intact, (Tr. 666), both inconsistent with Ms. Binger's assessment. Substantial evidence in the record supports the ALJ's giving Ms. Binger's assessment some but little weight, and the ALJ's ultimate finding concerning Schroeder's mental limitations, <u>Anderson v. Astrue</u>, 696 F.3d 790, 793 (8th Cir.

2012.) Further, the ALJ properly developed the record concerning physical disabilities, and her conclusion in that regard is properly supported.

Lastly, plaintiff complains that the Grids require a finding of disability, especially because Schroeder was 55 years of age. Defendant admits that "[t]he ALJ's decision would have been clearer had he [sic] specifically addressed this issue", p. 19., but argues that that was harmless error. The error is not harmless. The ALJ's decision here did not include a determination whether plaintiff was capable of performing his past work as a cook, a matter of importance yet one of disagreement between the parties. There is no determination as to tranferable skills, though again this is important and one where there was conflicting testimony. There are also questions on which Grid applies and how the Grid rules apply, including how his age affects which Grid applies, all of which the ALJ did not address, but which in fairness cannot be avoided.

This case has gone on for too long and should be resolved as quickly as possible. Steps one through four are accurate and complete since the ALJ's weighting of Ms. Binger's assessments are supported by the record. However, the application of the Grid rules in step five remains to have determinations made and to ultimately be applied towards a final ruling. For this limited purpose alone, this matter is reversed and remanded back to the Commissioner for further findings.

It is therefore

ORDERED

Affirmed in part and reversed and remanded in part for further proceedings on the limited purpose of identifying and applying the Grids in accordance herewith.

October 7, 2014

*Edward J. McManus*
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT